**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Heartland Health & Wellness Fund, an Employee**
**Welfare Benefit Plan, by Henry B. Taylor and**
**Joseph M. Chorpenning, as Trustees,**

       *Plaintiff,*

**v.**                                  **Case No. 3:14-cv-411**
                                        **Judge Thomas M. Rose**

**Salem Township Hospital Plan and Mutual**
**Medical Plans, Inc.,**

       *Defendants.*

---

**ENTRY AND ORDER ABSTAINING FROM JUDGMENT**
**PURSUANT TO DEFENDANTS' MOTIONS TO DISMISS,**
**DOCS 11 AND 13, AND RETAINING JURISDICTION**
**PENDING RESOLUTION OF PERTINENT ISSUES OF**
**STATE LAW.**

---

Pending before the Court are Motions to Dismiss from each of the two Defendants: Salem Township Hospital Plan (Doc. #11) and Mutual Medical Plans (Doc. #13).   Therein, Defendants request that this Court either dismiss or abstain from ruling because of a pending suit in Illinois state court litigating the same matter.   Because this case presents a federal issue which may be mooted by a state court determination of pertinent state law, Defendants' motions for abstention are **GRANTED**.

**I.**      **Background**

1

This matter arose out of insurance claims filed by a woman named Nicole Jenkins. Ms. Jenkins was an employee of Salem Township Hospital during the relevant time period. Salem Township Hospital provides group health coverage to eligible employees through Defendant Salem Township Hospital Plan ("STH Plan"). (Doc. 1 ¶ 7). Defendant Mutual Medical Plans, Inc. ("Mutual Medical") is the administrator of the STH Plan, and as such is responsible for making premium, eligibility, claim, and coverage determinations for the STH Plan. (Doc. 1 ¶ 8).

Ms. Jenkins is also an alleged beneficiary of the Indiana Area United Food and Commercial Workers Union Locals and Retail Food Employers Health and Welfare Plan ("the Indiana Plan"). Ms. Jenkins claims coverage under the Indiana Plan as a dependent of her spouse, Gary (Bryce) Jenkins. As Mr. Jenkins' wife, Ms. Jenkins was covered by the Indiana Plan as of September 2013 until January 1, 2014. (Doc. 1 ¶ 15).

Plaintiff Heartland Health & Wellness Fund ("the Heartland Fund") is an employee benefit plan and multi-employer plan established and maintained under the Taft-Hartley Act and governed by ERISA. (Doc. 1 ¶¶ 1-3). The Indiana Plan merged with the Heartland Fund and, effective July 1, 2014, the Heartland Fund became responsible for paying claims under the Indiana Plan. (Doc. 1 ¶16).

In September 2013, Ms. Jenkins began incurring medical expenses, which were submitted to both the STH Plan and the Indiana Plan. (Doc. 1 ¶ 17). The STH Plan ultimately denied coverage for Ms. Jenkins and refused to pay her medical expenses. The STH Plan's refusal to pay was based on the grounds that Ms. Jenkins was not eligible to participate in the STH Plan all the way back to January 1, 2011 (despite the fact that the STH Plan had paid other minor expenses pursuant to Ms. Jenkins' eligibility during that time period). (Doc. 1 ¶¶ 18-19,22). Defendants

allege that Ms. Jenkins was not eligible under the STH Plan because she had another health plan

that penalized her or her spouse if she did not enroll in the STH Plan.   The STH Plan contains a

provision which states:

> If you have another health plan that penalizes you or your spouse if you do not
> enroll in this Plan, then you will not be eligible for this Plan unless an exception is
> made by the Plan Sponsor

(Doc. 13-2 PageID 118).   According to Defendants, Ms. Jenkins became covered under her

spouse's plan on January 1, 2011, and her spouse's plan contained the penalties described in the

clause above.   An exception was not made for Ms. Jenkins, so Defendants attempted to

retroactively terminate coverage after January 2011 in a letter to Ms. Jenkins dated from December

2013.   (Doc. 13-2 PageID 118-19).

The Indiana Plan contains a provision which addresses situations where an "other plan"

denies coverage on the basis of an escape clause.   Specifically, the Indiana Plan document states:

> If an Other Plan which is sponsored by a Dependent's employer provides that the
> Dependent will not be considered to be covered by the Other Plan if the Dependent
> is covered by another plan, this [Indiana] Plan shall consider such a provision to be
> of no force or effect and this [Indiana] Plan will coordinate the benefits payable
> under the Other Plan with the benefits which would have been payable under such a
> Plan if such a provision had not existed.

(Doc. 1 ¶ 14).

Ms. Jenkins filed a lawsuit against Defendants in Illinois state court that seeks to require

them to pay her medical expenses under the STH Plan.   That lawsuit, *Jenkins v. Salem Township

Hospital*, 2014-L-15 (Marion County, Ill. Mar. 10, 2014), is currently pending in Illinois state

court.   (Doc. 1 ¶ 22).   Ms. Jenkins is not, however, a party to the instant litigation.

In this case, Plaintiffs seek a judicial declaration that Defendants must pay Ms. Jenkins'

medical expenses.   Specifically, Plaintiffs have asked this Court to declare "[1] that Defendants

3

may not retroactively rescind eligibility and coverage for Nicole Jenkins" under the STH Plan, "[2] that Defendants are obligated to pay benefits on claims submitted on behalf of Nicole Jenkins" under the STH Plan, and "[3] that the Indiana Plan Document's coordination of benefits ("COB") provisions may and should be enforced against the Defendants such that Defendants are primarily liable for claims submitted on behalf of Nicole Jenkins." (Doc. 1 ¶ 29).

Defendants have moved the Court to dismiss this case entirely. Docs. 11, 12, 13. Being in receipt of the parties' response, Doc. 15, and replies, Docs. 16, 17, the Court considers the matter ripe for decision.

## II.     Motion to Dismiss

### A.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

There are at least two theories under which this Court may assert subject matter jurisdiction over the case at bar. First, although Defendants claim that their denial of payment to Ms. Jenkins is an eligibility issue, which would not be covered by ERISA, the grounds for denial of benefits reveals that this is in fact a coordination of benefits dispute with an ERISA plan, and as such qualifies as an ERISA dispute. Second, even if the Defendants' clause denying coverage did not bring this case under the ERISA preemption doctrine, this Court would still retain jurisdiction for any ERISA claims that remain after the Illinois state court rules on the pertinent issues of state law.

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, a district court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Id.* The Sixth Circuit has further

explained the standard of review for a motion brought pursuant to Fed. R. Civ. P. 12(b)(1) with respect to ERISA claims:

> Our application of *Eberhart* and *Kontrick* to the instant case faithfully adheres to the Supreme Court's jurisprudence addressing situations where, as here, both the court's subject-matter jurisdiction and the substantive claim for relief are based on the same federal statute. The Supreme Court has set forth the standard in such cases:
>
>> Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decision of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."
>>
>> This requirement of substantiality or non-frivolousness of the federal question refers "to whether there is any legal substance to the position the plaintiff is presenting." An ERISA claim can be non-frivolous (or sufficiently substantial) even if it is "unsuccessful and possibly verging on the foolhardy" in light of prior precedent barring the relief sought… Although in many ERISA cases prior precedent will almost certainly preclude the sought remedy, the decision whether to classify a particular claim as legal or equitable presents a sufficiently substantial and non-frivolous issue for federal courts to exercise subject-matter jurisdiction over actions arising under section 1132(a)(3).

*Primax Recoveries, Inc. v. Gunter*, 433 F.3d 515, 519 (quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) and 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3564 (2d ed. 1984)).

ERISA's Section 502 provides for plan participants, beneficiaries, and fiduciaries to bring civil enforcement actions. It provides in relevant part:

> (a) Persons empowered to bring a civil action
>   A civil action may be brought—
> (1) by a participant or beneficiary—
>       (A) for the relief provided for in subsection (c) of this section, or

5

> > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary, or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan…

29 U.S.C. § 1132(a)(1)-(3). However, ERISA expressly exempts governmental plans in Section 4(b)(1). That section provides: "The provisions of this title shall not apply to any employee benefit plan if… such plan is a governmental plan (as defined in section 3(32))…" 29 U.S.C. § 1003(b)(1). Turning then to the definitional section, a governmental plan is defined as:

> a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing…

29 U.S.C. § 1002(32).

Where there exists a conflict between the terms of an ERISA plan and a non-ERISA insurance plan, the Sixth Circuit has stated that federal courts have subject matter jurisdiction to interpret and apply the terms of the ERISA plan. "If an ERISA plan and an insurance policy 'contain conflicting coordination of benefits clauses,' then as a matter of federal common law 'the terms of the ERISA plan, including its [coordination of benefits] clause, must be given full effect.'" *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. First Agency, Inc.*, 756 F.3d 954, 956 (6th Cir. 2014), quoting *Auto Owners Ins. Co. v. Thorn Apple Valley, Inc.*, 31 F.3d 371, 374 (6th Cir. 1994). "The federal common law rule applicable to resolve priority of coverage disputes between a self-funded ERISA-qualified employee benefit plan and a traditional insurance policy

dictates that a conflict between the two carriers will be resolved in favor of the ERISA plan."

*Great-West Life & Annuity Ins. Co. v. Allstate Ins. Co.*, 202 F.3d 897, 900 (6th Cir. 2000).1

The Heartland Fund claims that subject matter jurisdiction exists in this case because the action involves an application of ERISA. (Doc. 1 ¶ 10). The Heartland Fund argues that its claim for declaratory judgment arises pursuant to 29 U.S.C. § 1132(a)(3), since the Indiana Plan document which governs Ms. Jenkins' coverage under the Indiana Plan "contains a provision that prohibits an Other Plan, such as the STH Plan, from refusing to coordinate benefits with the Indiana Plan." (Doc. 1 ¶ 14). The Heartland Fund also asks the Court, pursuant to 28 U.S.C. § 2201(a), for a declaration that the Heartland Fund is not primarily liable to pay the medical expenses of Ms. Jenkins, and that the STH Plan is primarily liable to pay her medical expenses. (*Id* at ¶ 10).

The STH Plan is sponsored by the Salem Township Hospital, which is a body politic with its principal place of business in Marion County, Illinois. (Doc. 1 ¶ 7). As such, the STH Plan fits neatly into the definition of a governmental plan and is exempted from ERISA pursuant to 29 U.S.C. § 1003(b)(1). However, this Court can properly assert subject matter jurisdiction over non-ERISA insurance plans when they are involved in a coordination of benefits dispute with an ERISA plan.

As the Third Circuit has explained, "[g]roup health care insurance plans have increasingly included coordination of benefits clauses because the enlarged number of two-employee families

---

1 There appears to be a discrepancy between how these questions are handled in the Sixth and Seventh Circuits. Cf *Auto-Owners Insurance Company v. Thorn Apple Valley, Inc.*, 31 F.3d 371 (6th Cir. 1994) (ERISA plan's coordination of benefitsclause must prevail, effectively rendering void the opposing clause in the private insurance contract)) and *Winstead v. Indiana Insurance Co.*, 855 F.2d 430 (7th Cir. 1988) (according equal validity to the parties' competing COB clauses, finding them to be mutually repugnant and requiring both carriers to share primary responsibility on a pro rata basis).

has increased the possibility that a claimant could be covered under more than one plan.   By

conditioning coverage on specified circumstances, the clauses seek to limit their costs and prevent

claimant from acquiring coverage from multiple plans in excess of the claimant's covered medical

expenses." *McGurl v. Trucking Employees Welfare Fund*, 124 F.3d 471, 474 (3d Cir. 1997).   "An

'escape clause' is a provision that 'provides for an outright exception to coverage if the insured is

covered by another insurance policy'".   *Citizens Ins. Co. of Am. v. Northstar Print Group*, 1998

U.S. Dist. LEXIS 4224, *10-11 (W.D. Mich. 1998) (quoting *McGurl v. Trucking Employees

Welfare Fund*).

> The STH Plan is denying coverage to Ms. Jenkins on the grounds of a provision that states:

> If you have another health plan that penalizes you or your spouse if you do not
> enroll in this Plan, then you will not be eligible for this Plan unless an exception is
> made by the Plan Sponsor.

(Doc. 13-2 pageID 118).   Plaintiffs allege that this provision constitutes an escape clause,

which other Circuits have held to be unenforceable and a type of coordination of benefits

dispute.   See *McGurl v. Trucking Employees Welfare Fund*, 124 F.3d 471.   Defendants

counter that the dispute is contained between Ms. Jenkins and the STH Plan, and is purely

one of eligibility, not coordination of benefits.   Admittedly, Plaintiffs' plan could penalize

Ms. Jenkins for not enrolling in the STH Plan, but not provide coverage for the types of

expenses that Ms. Jenkins has incurred.   If that were the case, there would be no

overlapping coverage, but the STH Plan could still find Ms. Jenkins ineligible for their plan

under the provision at issue.   However, if that were the case, Plaintiffs would have no

motive for bringing their case before the Court.

8

Defendants argue that "the Indiana Plan's [coordination of benefits] provisions are not actually at issue here".  (Doc. 13 p. 60).   However, Defendants' own Plan cannot be interpreted without reference to Plaintiffs' plan.   The STH Plan denies coverage specifically on the grounds that the Indiana Plan, acknowledged by all parties to be an ERISA plan, penalizes Ms. Jenkins if she does not enroll in the STH Plan.   Defendants cannot reference the Indiana Plan as the basis for their denial of coverage and then argue that the Indiana Plan's provision about that precise circumstance is not at issue.   Furthermore, the Indiana Plan contains a provision specifically addressing the situation described here, where an "Other Plan" denies coverage entirely because the participant is enrolled in another insurance plan.  (Doc. 1 ¶ 14).   Because Defendants deny coverage on the basis of a provision in an ERISA plan, and the ERISA plan contains a provision specifically addressing that situation, this Court has subject matter jurisdiction to resolve the dispute.

Even if the Court accepted Defendants' argument that this is purely an eligibility dispute that does not invoke ERISA's civil enforcement provisions, this Court would still retain subject matter jurisdiction over any ERISA claims that remain after the Illinois state court rules on the pertinent issues of state law.   If Ms. Jenkins succeeds in her pending state court lawsuit against Defendants for denial of coverage, Plaintiffs and Defendants may encounter other coordination of benefits discrepancies between their plans.   Because Plaintiffs' plan is an ERISA-governed plan, this Court would have subject matter jurisdiction to resolve the dispute.

For the reasons articulated above, it is proper for this Court to assert subject matter jurisdiction over the case at bar.

**B.     Abstention**

In determining whether abstention is proper due to the pendency of a state court case, the Court applies the three factors found in *Younger v. Harris*, 401 U.S. 37 (1971).  "In order for a federal district court to abstain from hearing a claim pursuant to *Younger* abstention, it must find that three requirements are satisfied: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges." *Leatherworks P'ship v. Boccia*, 246 Fed. Appx. 311, 317 (6th Cir. 2007).

The Sixth Circuit has recognized that state courts are competent to decide whether ERISA has preempted state law claims.  *NGS Am., Inc. v. Jefferson*, 218 F.3d 519, 530 (6th Cir. 2000). Furthermore, "[i]f ERISA does not prohibit the **filing** of preempted claims in state court, then injunctive and declaratory relief against those state court proceedings is not available under ERISA."  *Id.* (emphasis in original).  Other Circuits have recognized that, where there is a question of first impression involving an alleged ERISA claim, the district court must abstain under *Younger*.  See *Colonial Life & Accident Ins. Co. v. Medley*, 572 F.3d 22, 28 (1st Cir. 2009). The Sixth Circuit has held that a "federal court need not abstain from proceeding with a declaratory judgment action where the federal suit is filed substantially prior to any state suits, significant proceedings have taken place in the federal suit, and the federal suit has neither the purpose nor the effect of overturning a previous state court ruling" *NGS Am. Inc.*, 218 F.3d at 526, quoting *Royal Ins. Co. of Am. V. Quinn-L Capital Corp.*, 3 F.3d 877, 886 (5th Cir. 1993).  It is important to note that "[r]emoval is the standard method to seek the hearing of a federal claim in a federal rather than a state court."  *Id* at 522.

10

Plaintiffs essentially want this Court to hear the same claims that are currently being brought by Ms. Jenkins in Illinois state court. *Younger* abstention is proper in this case. The first prong of the *Younger* analysis is met in light of Ms. Jenkins' pending case before Illinois state court. The second prong of the *Younger* abstention analysis is also met, as states have a significant interest in deciding cases involving governmental insurance plans. ERISA specifically exempts state governmental plans at least in part because states have an interest in operating employee benefit systems without federal interference. See *Rose v. Long Island R. Pension Plan*, 828 F.2d 910, 914 (2d Cir. 1987). The third prong of the *Younger* analysis also falls in favor of abstention here, because there are no constitutional concerns at issue in this case.

Because these are the same claims that are currently being litigated in Illinois state court, hearing Plaintiffs' case while the state proceeding is ongoing would be effectively the same as seeking a "removal determination in a forum other than the district court of the United States for the district and division within which [the state court] action is pending" which is in "contravention of the federal removal statute". *Id.* at 522 (quoting 28 U.S.C. § 1446(a)). If Plaintiffs wish their claims to be heard in federal court before the resolution of the Illinois state court case, they may join Ms. Jenkins' case and seek to remove that case to federal court. The STH Plan cannot avoid ERISA preemption simply by attempting to characterize a coordination of benefits dispute as an eligibility issue. However, the state court is capable of determining whether or not ERISA has preempted the state law claims.

In light of the ongoing state court proceeding on this matter, this Court will abstain from hearing the Plaintiffs claim pending the resolution of the case in Illinois state court.

**III. Conclusion**

11

Because there is an ongoing state judicial proceeding, which implicates important state issues, and there are no constitutional concerns at issue here, the Court **ABSTAINS** from hearing Plaintiffs' case pending the resolution of the pertinent issues of state law.   Defendants' answers are due 60 days after final judgment in *Jenkins v. Salem Township Hospital*, 2014-L-15 (Marion County, Ill. Mar. 10, 2014) becomes final.   Plaintiff is **ORDERED** to file quarterly updates, informing the Court of the status of *Jenkins v. Salem Township Hospital*, 2014-L-15 (Marion County, Ill. Mar. 10, 2014).

      **DONE** and **ORDERED** in Dayton, Ohio, this Monday, August 31, 2015.  2

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

2  The Court acknowledges the assistance of judicial intern Emily Reber in the preparation of this order.